# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNNY RAY VALLEJOS,

      Petitioner,

v.                                            No. 23-cv-1078-KWR-GBW

RONALD MARTINEZ, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Johnny Ray Vallejos' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Vallejos challenges his state convictions based on, inter alia, ineffective assistance by counsel and due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Vallejos to show cause why this matter should not be dismissed for failure to file within the one-year habeas limitation period.

## BACKGROUND[1]

In 2013, Vallejos pled guilty to second degree murder, shooting at a dwelling, conspiracy, and tampering with evidence. *See* Doc. 1 and 1; Plea and Disposition Agreement in D-307-CR-2011-223. The state court initially sentenced him to 29 years and six months of imprisonment, followed by term of parole. *Id*; *see also* Judgment and Sentence in D-307-CR-2011-223.

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Vallejos' state court criminal dockets, Case No. D-307-CR-2011-223; S-1-SC-35848; and S-1-SC-39537. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

Vallejos filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed, in part. *See State v. Vallejos,* 2016 WL 1546535, at *2 (N.M. Ct. App. Mar. 10, 2016).   The NMCA vacated the conviction for shooting at a dwelling based on double jeopardy principles but affirmed the remaining convictions.   *Id.*   Vallejos sought further review with the New Mexico Supreme Court (NMSC), which denied certiorari relief on May 9, 2016.   *See* Order Denying Cert. Pet. in S-1-SC-35848.

The state trial court entered its Amended Judgment pursuant to the NMCA remand on June 21, 2017 and reduced the sentence to 20 years and six months of imprisonment.   *See* Amended Judgment in D-307-CR-2011-223.   The state docket reflects that Vallejos did not file another direct appeal following entry of the Amended Judgment.   His conviction therefore became final no later than July 22, 2017, *i.e.,* the first day after expiration of the 30-day state appeal period.   *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order).

Vallejos filed a state habeas petition later that year, on September 28, 2017.   *See* Certificate of Habeas Filing in D-307-CR-2011-223.   The state trial court dismissed the petition on November 16, 2017.   *See* Order of Summary Dismissal in D-307-CR-2011-223.   Vallejos did not appeal that ruling, and there was no further activity in the state criminal proceeding for over three years.   *See* Docket Sheet in D-307-CR-2011-223.   On December 9, 2020, Vallejos filed a state Motion for Sentence Reconsideration, which was denied the following week.   *See* Order Denying Pro Se Motion filed December 17, 2020 in D-307-CR-2011-223.   Vallejos filed his next state pleading – a second habeas petition – on April 15, 2022.   *See* Habeas Corpus Petition in D-307-CR-2011-

2

223.   The state trial court again denied relief by an order entered June 2, 2022.   *See* Order of Dismissal in D-307-CR-2011-223.   Vallejos sought appellate review in the second habeas proceeding, and the NMSC denied certiorari relief on January 4, 2023.   *See* Order Denying Cert. Pet. in S-1-SC-39537.

Vallejos filed the instant, federal § 2254 Petition on December 4, 2023.   *See* Doc. 1.   He alleges counsel was ineffective; his plea was involuntary; the convictions and sentence violate equal protection principles; and his sentence is illegal.   Vallejos filed a Motion to Proceed *In Forma Pauperis* along with the Petition, which reflects he is unable to pay the $5.00 habeas filing fee.   *See* Doc. 2 (IFP Motion).   The Court will grant the IFP Motion and conduct an initial review of the Petition.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims.   "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer...."   *Id.*   As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final.   28 U.S.C. § 2244(d)(1)(A).   A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."   *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).   The one-year limitation period can be extended:

3

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than July 22, 2017, after the direct appeal period expired in connection with the Amended Judgment. *See Locke,* 237 F.3d at 1272. Sixty-eight (68) days passed before Vallejos filed his first state habeas petition on September 28, 2017, which stopped the clock pursuant to § 2244(d)(2).  That proceeding remained pending through December 18, 2017, when the appeal period expired in connection with the state trial court's order denying habeas relief.  *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (a state habeas proceeding remains "pending" for purposes of § 2244(d)(2), and the federal habeas limitation period is tolled, through the expiration of the state appeal period); NMRA, Rule 12-501 (a writ of certiorari must be filed within thirty days after the state trial court's denial of a habeas petition).

"The next day [December 19, 2017] statutory tolling ceased," and the remaining "time for

filing a federal habeas petition [297 days][2] resumed….”   *Trimble v. Hansen*, 2019 WL 990686, at

*2 (10th Cir. Feb. 28, 2019) (addressing complex habeas tolling calculations).   The state docket

reflects there was no additional tolling activity during the next 297 days.   The one-year limitation

period therefore expired no later than October 12, 2018.   Any post-conviction motions filed after

that date did not restart the clock or otherwise impact the expired limitations period.   *See*

*Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (“A state court [habeas] filing

submitted after the ... [one-year] deadline does not toll the limitations period.”); *Fisher v. Gibson*,

262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 “petitions cannot be tolled for time spent

in state post-conviction proceedings because [petitioner’s state] applications for post-conviction

relief were not filed until after ... the end of the limitations period”).[3]   Accordingly, the § 2254

Petition filed on December 4, 2023 appears time-barred.

Rather than rejecting the Petition outright, and in accordance with local custom, the Court

will permit Vallejos to show cause in writing why the Petition should not dismissed as time-barred.

The show-cause response must be filed within thirty (30) days of entry of this ruling.   The failure

to timely respond and overcome the time-bar may result in dismissal of the habeas action without

further notice.

**IT IS ORDERED** that Vallejos’ Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is

---

[2]  The Court arrived at this figure by subtracting the number of days that initially elapsed (68) from the one-year period (*i.e.,* 365 days in a year - 68 days = 297 remaining days).

[3]  The Supreme Court has created one exception to this general rule.   *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can “reset AEDPA’s 1-year limitations period,” since it effectively “restore[s] the pendency of the direct appeal.”   555 U.S. 113, 120–21 (2009).   The *Jimenez* exception is inapplicable here because Vallejos never obtained state habeas relief, and his direct appeal period was never reopened.

**GRANTED**; and within thirty (30) days of entry of this Order, Vallejos must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

      **SO ORDERED**.


                              /s/
                      KEA W. RIGGS
                      UNITED STATES DISTRICT JUDGE