IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY RAY VALLEJOS,

    Petitioner,

v.   No. 23-cv-1078-KWR-GBW

RONALD MARTINEZ, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Johnny Ray Vallejos' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Vallejos challenges his state convictions based on, inter alia, ineffective assistance by counsel and due process violations. The Court previously directed Vallejos to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations. Because Vallejos did not respond, and having reviewed the record and applicable law, the Court will dismiss the Petition with prejudice.

### BACKGROUND[1]

In 2013, Vallejos pled guilty to second degree murder, shooting at a dwelling, conspiracy, and tampering with evidence. *See* Doc. 1 and 1; Plea and Disposition Agreement in D-307-CR-2011-223. The state trial court initially sentenced him to twenty-nine years and six months of

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Vallejos' state court criminal dockets, Case No. D-307-CR-2011-223; A-1-CA-34363; S-1-SC-35848; and S-1-SC-39537. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

imprisonment, followed by term of parole. *Id*; *see also* Judgment and Sentence in D-307-CR-2011-223. Vallejos filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed, in part. *See State v. Vallejos,* 2016 WL 1546535, at *2 (N.M. App. Mar. 10, 2016). The NMCA vacated the conviction for shooting at a dwelling based on double jeopardy principles but affirmed the remaining convictions. *Id.* Vallejos sought further review with the New Mexico Supreme Court (NMSC), which denied certiorari relief on May 9, 2016. *See* Order Denying Cert. Pet. in S-1-SC-35848.

The state trial court entered its Amended Judgment pursuant to the NMCA remand on June 21, 2017, which reduced the sentence to twenty years and six months of imprisonment. *See* Amended Judgment in D-307-CR-2011-223. The state docket reflects that Vallejos did not file another direct appeal following entry of the Amended Judgment. His convictions therefore became final no later than July 22, 2017, *i.e.,* the first day after expiration of the thirty-day state appeal period. *See Locke v. Saffle,* 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (a notice of appeal must be filed within thirty days after entry of the judgment/order).

Vallejos filed a state habeas petition later that year, on September 28, 2017. *See* Certificate of Habeas Filing in D-307-CR-2011-223. The state trial court dismissed the petition on November 16, 2017. *See* Order of Summary Dismissal in D-307-CR-2011-223. Vallejos did not appeal that ruling, and there was no further activity in the state criminal proceeding for over three years. *See* Docket Sheet in D-307-CR-2011-223. On December 9, 2020, Vallejos filed a state Motion for Sentence Reconsideration. *See* Motion/Petition to Reopen in D-307-CR-2011-223. That motion was denied the following week. *See* Order Denying Pro Se Motion in D-307-CR-2011-223.

Vallejos filed his next state pleading – a second habeas petition – on April 15, 2022. *See* Habeas Corpus Petition in D-307-CR-2011-223. The state trial court again denied relief by an order entered June 2, 2022. *See* Order of Dismissal in D-307-CR-2011-223. Vallejos sought appellate review in the second habeas proceeding, and the NMSC denied certiorari relief on January 4, 2023. *See* Order Denying Cert. Pet. in S-1-SC-39537.

Vallejos filed the instant § 2254 Petition on December 4, 2023. *See* Doc. 1. He alleges counsel was ineffective; his plea was involuntary; the convictions and sentence violate equal protection principles; and his sentence is illegal. By a Memorandum Opinion and Order entered March 14, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. *See* Doc. 3; *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."). The Court directed Vallejos to show cause why the case should not be dismissed. The deadline to file a show-cause response expired on April 15, 2024. Vallejos did not comply or otherwise respond to the Memorandum Opinion and Order.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas

petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As previously noted, the one-year limitation period began to run no later than July 22, 2017, after the direct appeal period expired in connection with the Amended Judgment. *See Locke,* 237 F.3d at 1272. Sixty-eight (68) days passed before Vallejos filed his first state habeas petition on September 28, 2017, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending through December 18, 2017, when the appeal period expired in connection with the state trial court's order denying habeas relief. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (a state habeas proceeding remains "pending" for purposes of § 2244(d)(2), and the federal habeas limitation period is tolled, through the expiration of the state appeal period); NMRA, Rule 12-501 (a writ of certiorari must be filed within thirty days after the state trial court's denial of a habeas petition).

"The next day [December 19, 2017] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [297 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (68) from the one-year period (*i.e.,* 365 days in a year - 68 days = 297 remaining days).

\*2 (10th Cir. Feb. 28, 2019) (addressing complex habeas tolling calculations). The state docket reflects there was no additional tolling activity during the next 297 days. The one-year limitation period therefore expired no later than October 12, 2018. Any post-conviction motions filed after that date did not restart the clock or otherwise impact the expired limitations period, as Vallejos may believe. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).[3] Accordingly, the § 2254 Petition filed on December 4, 2023 is time-barred.

In its prior ruling, the Court set out this timeline along with the legal standards for statutory and equitable tolling. Rather than dismissing the Petition outright, the Court allowed Vallejos to file a response that demonstrates grounds for tolling or otherwise controverts the above calculation of the limitation period. Vallejos failed to respond, and there are no arguments in his Petition that warrant tolling. The Petition also fails to offer new evidence that would negate his guilt beyond a reasonable doubt, which can overcome the time-bar in some circumstances. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (describing the actual-innocence exception). The Court will therefore dismiss the Petition with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where

---

[3] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Vallejos never obtained state habeas relief, and his direct appeal period was never reopened.

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Johnny Ray Vallejos' Habeas Petition Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

**SO ORDERED.**

                                        /s/
                                  KEA RIGGS
                                  UNITED STATES DISTRICT JUDGE